GENERAL ELECTRIC CREDIT CORPORATION, Respondent, v TRI-DELTA CONSTRUCTION CORPORATION, Respondent, and NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Appellant.— Judgment unanimously reversed on the law without costs and new trial granted, in accordance with the following memorandum: The jury determined that defendant Tri-Delta's negligence was not a substantial factor in causing damage to plaintiff's airplane, but went on to find that Tri-Delta was negligent to the extent of 5%. The court erred in failing to mention in its charge the claims made by plaintiff against Tri-Delta. The jury rendered a verdict by the use of a verdict

sheet which failed to address all the issues necessary to determine whether or to what extent contractual indemnification of defendant Niagara Frontier Transportation Authority (NFTA) by defendant Tri-Delta is required. For these reasons a new trial is required.

The jury was asked to apportion negligence but should have been asked to apportion only among those whose negligence proximately caused the accident. The words "substantial factor" as used in defining proximate cause in the court's charge are ambiguous and the jury may have concluded that a substantial factor had to be quantitatively more than 5%. Upon retrial this should be clarified.

The judgment appealed from fails to address indemnification at all, although the record indicates that the court's intention was to deny it. We have previously held that the indemnification clause in this case allocates to Tri-Delta the risk of liability to a third party arising out of construction work performed under the contract but that it does not cover any negligence of NFTA in the operation of the airport *(Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp.,* 107 AD2d 450, *affd for reasons in opn below* 65 NY2d 1038). The jury found, as permitted by the verdict sheet, that NFTA was negligent with respect to issuing NOTAMS (notices to airmen) and with respect to supplying both lights and barricades to Tri-Delta, it found that the negligence of the NFTA was a substantial factor in causing damage to the airplane, and it further found that NFTA was 60% responsible for the accident, but it did not determine whether, or to what extent, each of the three forms of negligence was causally related to the accident. The NOTAMS were related to the operation of the airport but the lights and barricades were related to construction, and separate findings are needed to determine the indemnification issue. We also note that the questions improperly implied that NFTA had supplied all lights used by Tri-Delta even though there was testimony that Tri-Delta had furnished some of its own.

Under the circumstances of this record, we find no error in the admission of evidence of testing of two lights. The fact that the specific lights tested could not be shown to be those at the accident site goes to weight, not admissibility *(see, Bolm v Triumph Corp.,* 71 AD2d 429, *lv dismissed* 50 NY2d 801). (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J.—negligence.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.